IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REO BAY AREA, L.P., | No. C 11-01420 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING ITS MOTION FOR ATTORNEYS' FEES AND COSTS (Docket No. 13) |
| v. | |
| PEDRO BRAMBILA; DOMINGA BRAMBILA, | |
| Defendants. | |

Plaintiff REO Bay Area, L.P. moves for an order remanding this case to the Superior Court of Contra Costa County, and further moves for attorneys' fees and costs incurred as a result of Defendants' purportedly improper removal of this action. Docket No. 13. Pro se Defendants have opposed Plaintiff's motion. Having considered all of the parties' submissions, the Court GRANTS Plaintiff's motion to remand the case, and DENIES its motion for attorneys' fees and costs. The hearing set for June 9, 2011 is vacated.

BACKGROUND

Plaintiff alleges that it is the owner of certain residential property that Defendants formerly owned, having purchased the property on May 10, 2010 at a trustee sale following foreclosure proceedings.  Docket No. 1 (Pl.'s Complaint at ¶ 4-5, attached to Defs.' Notice of Removal).  On December 28, 2010 the Contra Costa County Sheriff's Department executed a lockout on the property, pursuant to Plaintiff's earlier Complaint for Unlawful Detainer against Defendants' then-tenant residing on the property.  At that point Plaintiff took possession of the property.  However, on or about January 26, 2011, Defendants entered and took possession of the premises without Plaintiff's consent.  After Plaintiff served on Defendants a five day notice to quit and the notice expired, Plaintiff filed the instant unlawful detainer action.  Subsequently, Defendants removed this action to federal court.

DISCUSSION

II. Motion for Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).  On a motion to remand, the scope of the removal statute must be

2

strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. See id. Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

It appears that Defendants seek federal jurisdiction based on federal law they intend to rely on to defend against the unlawful detainer action. Specifically, Defendants have cited the federal Fair Debt Collection Practices Act, as well as the Fifth and Fourteenth Amendments of the Constitution. A federal defense, however, is not part of a plaintiff's properly pleaded statement of its claim. Id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.")). "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Environmental Remediation, L.L.C. v. Dept. of

Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000).

Defendants also assert in their opposition that Plaintiff lacks standing to pursue its alleged claims.  In doing so, Defendants appear to argue that Plaintiff's lawsuit lacks merit.  This argument, however, erroneously conflates the establishment of standing with a determination of the merits of a claim.  Furthermore, to the extent that Defendants contend that Plaintiff lacks Article III standing, this argument weighs against the exercise of federal jurisdiction and in favor of remanding the action to state court.

Because Defendants have failed to establish federal subject matter jurisdiction in this case, remand of this case is warranted.

III. Motion for Attorneys' Fees

Plaintiff seeks an order compelling Defendants to reimburse it for attorneys' fees and costs it incurred in connection with the improper removal.  Title 28 U.S.C. § 1444(c) allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1444(c), only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The Court declines to award attorneys' fees and costs incurred in seeking

4

this remand because Defendants' removal petition was not entirely lacking a reasonable basis, taking into account their pro per status.

## CONCLUSION

Plaintiff's motion to remand this action to state court is GRANTED, while its motion for attorneys' fees and costs is DENIED. Docket No. 13. The case management conference scheduled for July 12, 2011 is VACATED. The clerk is directed to remand the file to the Contra Costa County Superior Court.

IT IS SO ORDERED.

Dated: 5/26/2011

CLAUDIA WILKEN
United States District Judge

5